# INTERNATIONAL AND GREAT NORTHERN R'Y CO. V. SALLIE DAWSON ET ALL.

## IN SUPREME COURT, TYLER TERM, 1884.

*Railroad Company.—Contract.*—A railroad corporation can, by contract, bind itself to perpetually maintain a permanent depot at a particular place.

*Evidence.*—Parol evidence may in a certain limited class of cases be resorted to

for the purpose of proving the existence of an oral agreement precedent to the at-taching of any obligation under the written contract, but such proof must be direct and clear and convincing in its character.

There was no error committed by the court in its rulings on the testimony referred to in the appellant's bill of exceptions. The evi-dence was clearly admissible.

As to the main question in the case present weight of autho-rity is to the effect, that a railroad corporation can, by contract, bind itself to perpetually maintain a permanent depot at a particular place. This point was considered and so decided by this court in the recent case of the Texas and St. Louis R'y Co. v. Robards et al, (60 Texas 545.) Some of the cases bearing on the point are there collected. The following authorities on the subject may also be consulted. (Morawetz on Priv. Cor. sec. 209 and cases there cited; Greens Brices Untra Vires, 103 & 108, and pp. 42—65—184; also Potter on Cor. Vol. 2, sec. 506, *et seq.*

Under the circumstances of the case as set forth in the amended pleadings of the appellees, we are not prepared to say that the dis-trict court was in error, under the present state of the authorities, in in holding that the action could be maintained under the special facts of this case as disclosed by the pleadings as amended.

We are not prepared, however, to extend the rule on this subject as there laid down.

While it is true that parol evidence may in a certain limited class of cases be resorted to for the purpose of proving the existence of an oral agreement precedent to the attaching of any obligation under the written contract, it is equally true that such proof must be di-rectly to the point and must be clear and convincing in its character. (Wooters v. I. & G. N. R'y Co., 54 Texas 294; Wharton's Ev., secs. 928, 1050, 1040, 1042; H. & T. C. R. R. Co. v. McKinney, 55 Texas 176; R'y Co. v. Garrett, 52 Texas 133; R'y Co. v. Pfeuffer, 56 Tex-as 66.)

The amount found by the verdict appears to be large, and under the very conflicting evidence as to the market value of the twelve acres under consideration, and the great conflict in the testimony as to the extent of the damage to the appellees occasioned by the re-moval of appellant's depot a short distance from the point originally designated, the district judge would have been justified in setting the verdict aside, and in awarding a new trial.

This special matter as to the verdict appears, however, to have been brought specially and fully to his consideration on the presentation of the motion for new trial. He concluded that the verdict, on the whole, was warranted by the evidence, and as there was no material error committed in the charge of the court, or in declining to give the instructions asked, we do not feel authorized here in disturbing the finding of the jury, upon the sole ground that the proof was not sufficient to support it, when it appears that there was, in fact, before the jury, lawful evidence upon which their verdict could be based. The judgment is affirmed. West, J.